IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL LEMBERGER,               )
                                 )
            Plaintiff,           )
                                 )
      v.                         )      No.  11 C 1039
                                 )
DOROTHY BROWN, Clerk of the      )
Circuit Court of Cook County,    )
                                 )
            Defendant.           )

MEMORANDUM ORDER

On February 17 this Court issued its brief memorandum order ("Order") directing pro se plaintiff Michael Lemberger ("Lemberger") to cure certain deficiencies in his self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint. Although the Order gave Lemberger a bit over two weeks for that purpose, his response--labeled "Amendment to Complaint Against Defendant Dorothy Brown"--was not prepared until March 8 and was not received in the Clerk's Office until March 11. But this Court recognizes the difficulties that persons in custody often face in such matters, and no adverse action will be taken against Lemberger because of the brief delay.

As to the first problem that was identified in the Order, what Lemberger has submitted does not do the job. Because 28 U.S.C. §1915(b)(1) looks at both the average monthly deposits to a prisoner's account and the average monthly balance in that account, not enough information is provided by the "quarterly activity statements" that Lemberger has furnished: They set out

only the beginning and ending quarterly balances, not the individual entries <u>during</u> each quarter. Accordingly Lemberger is ordered to provide a new printout that shows all <u>transactions</u> (deposits and withdrawals) during the six-month period that began August 10, 2010 and ended February 9, 2011.

As for the second flaw that was referred to in the Order, Lemberger's current filing says he "would like to Amend the Original Complaint to include the staff of the Clerk of the Court of Cook County, as well as Dorothy Brown...." Although that does not conform to normal pleading requirements, this Court will once again stretch the rules because of Lemberger's pro se status (see <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(per curiam)). As and when Lemberger learns the identity of the individual who assertedly violated his constitutional right of access to the courts, however, he must then file a further amendment substituting that name for his current general reference to "the staff."

As soon as Lemberger cures the flaws identified in the Order and here, this Court anticipates setting an initial status hearing date and appropriate procedures. No forward-moving action will be taken in the meantime.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 15, 2011