IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL LEMBERGER #654462,   )
                             )
            Plaintiff,       )
                             )
      v.                     )   No.  11 C 1039
                             )
DOROTHY BROWN, Clerk of the  )
Circuit Court of Cook County,)
                             )
            Defendant.       )

MEMORANDUM ORDER

Despite two memorandum orders emanating from this Court (one issued on February 17, 2011 and the other on March 15) in an effort to get a proper grasp on the pro se filings by Michael Lemberger ("Lemberger"), the reservations that this Court has harbored have not been resolved satisfactorily.  Nonetheless this third memorandum order will seek to do the task, accepting Lemberger's representations as true.

To begin with, Lemberger's most recent explanation about his trust fund account (the information required by 28 U.S.C. §1915 ["Section 1915"] to be furnished by persons in custody) remains unclear.  This Court will nevertheless give Lemberger the benefit of the doubt, accepting his statement that the relevant figure for Section 1915 purposes is $12.94, so that $2.60 (20% of that figure--see Section 1915(b)) is the required initial payment toward the $350 filing fee.  Accordingly Lemberger's In Forma Pauperis Application is granted to the extent that Lemberger need not pay the full $350 filing fee in advance, although he must pay

the entire fee in current and future installments.

Lemberger is therefore assessed that initial partial payment of $2.60, and the trust fund officer at Rushville Treatment & Detention Facility ("Rushville," where Lemberger is currently housed) is ordered to collect that amount from Lemberger's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Lemberger's name and the 11 C 1039 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this memorandum order to the Rushville trust fund officer.

After such initial payment, the trust fund officer at Rushville (or at any other facility where Lemberger may hereafter be confined) is authorized to collect monthly payments from Lemberger's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

To turn to Lemberger's substantive claim, he seeks to invoke

42 U.S.C. §1983 ("Section 1983") to set out a claim of an unconstitutional deprivation of his access to the courts (the seminal case in that respect is Bounds v. Smith, 430 U.S. 817 (1977)). It is an understatement to say that the preliminary screening called for by 28 U.S.C. §1915A has left substantial doubt as to the viability of Lemberger's claim against the sole named defendant, Clerk Dorothy Brown ("Brown") of the Circuit Court of Cook County (see this Court's February 17 memorandum order, which describes the probable roadblock created by Monell).

This Court will nonetheless permit Brown to remain as a defendant, solely for purposes of the service of process and the conduct of discovery, to enable Lemberger to ascertain the identity of a proper defendant or defendants. In that respect, see this Court's March 15 memorandum order and Lemberger's filing received in the Clerk's Office on April 1, labeled by him as his Second Amendment to Complaint (Dkt. 11).

Lastly, an initial status hearing date is set for 8:45 a.m. July 19, 2011--and if by that time service has been obtained and defense counsel has been assigned to the case, such counsel will be expected to make arrangements for Lemberger to participate telephonically from Rushville. Nothing further is called for at this point. It will be left to defense counsel to raise any questions as to the viability of Lemberger's claim and as to the

3

further course of action in this litigation.

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date: April 25, 2011